Citation Nr: 1744007 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 10-28 311 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUES

1. Entitlement to a rating in excess of 20 percent for diabetes mellitus.

2. Entitlement to a rating in excess of 20 percent for right upper extremity peripheral neuropathy.

3. Entitlement to a rating in excess of 20 percent for left upper extremity peripheral neuropathy.

4. Entitlement to a rating in excess of 10 percent for right lower extremity peripheral neuropathy.

5. Entitlement to a rating in excess of 10 percent for left lower extremity peripheral neuropathy.

6. Entitlement to a total disability rating based upon individual unemployability (TDIU) due to service-connected disabilities.


REPRESENTATION

Veteran represented by: Jan Dils, Attorney


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

E. Redman, Counsel


INTRODUCTION

The Veteran served on active duty from July 1966 to May 1968.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The Veteran testified at a November 2012 Travel Board Hearing held before the undersigned Veterans Law Judge at the Huntington RO. A transcript of the hearing is of record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.





REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

In the April 2014 remand the Board instructed the AOJ to contact the Office of Personnel Management (OPM) and the National Archives Records Administration (NARA) Office and request a copy of any decisions granting the Veteran a disability retirement as well as all medical records upon which the decision was based, following the current procedures prescribed in 38 C.F.R. § 3.159 (c) with respect to requesting records from Federal facilities. 

A review of the claims file reflects that according to a May 2016 letter to the Veteran, VA requested disability retirement records from OPM/NARA. However, there is no actual record of any such records requests, and no record of any response to such records requests. As such, the AOJ has not substantially complied with the April 2014 remand directives. Where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App 268 (1998).

Accordingly, the case is REMANDED for the following action:

1. Contact OPM and the National Archives Records Administration Office and request a copy of any decisions granting the Veteran a disability retirement as well as all medical records upon which the decision was based. All records and responses received should be associated with the claims file, including any negative responses.

Because this information is held by a Federal agency, efforts to obtain the requested information should be ended only if it is concluded that the information sought does not exist or that further efforts to obtain the information would be futile. If the information cannot be obtained, a memorandum of unavailability should be prepared outlining the steps taken to obtain the information and the Veteran should be provided with a copy of the memorandum.

2. When the development requested has been completed, the case should be reviewed by the RO/AMC on the basis of additional evidence. If any benefit sought is not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).